UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DUSTIN GRAHAM GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00337-JAW |
| | ) | |
| TRI-COUNTY MENTAL HEALTH SERVICES, | ) ) | |
| | ) | |
| Defendant | ) | |

# RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted.[1] (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No. 4.)  Because the Court granted Plaintiff leave to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## DISCUSSION

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the

---

[1] Plaintiff subsequently filed an amendment to the complaint. (ECF No. 9.)

case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim."  *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

The gravamen of Plaintiff's complaint is that in providing information regarding Plaintiff's medical condition to state officials, Defendant redacts certain information.  Plaintiff maintains Defendant's conduct constitutes a violation of the Federal Freedom of Information Act, 5 U.S.C. § 552.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

Although Plaintiff has alleged a violation of FOIA, the statute governs the obligation of federal agencies. Plaintiff has not alleged, and the Court is not otherwise aware that Defendant is a federal agency. Defendant, therefore, is not subject to FOIA. Plaintiff, therefore, has not alleged an actionable federal claim.

Federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). That is, for Plaintiff's claim to be within the Court's diversity jurisdiction, Plaintiff must have been a citizen of a different state than Defendant on the date the complaint was filed. *See Alvarez-Torres v. Ryder Memorial*

*Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant"). Plaintiff, however, has alleged that he and Defendant[2] are citizens of Maine. (Complaint at 1.) Plaintiff, therefore, has not alleged a claim within this Court's diversity jurisdiction. Because Plaintiff has not alleged a claim within the Court's federal question or diversity jurisdiction, dismissal is appropriate.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint, as amended, pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of December, 2022.

---

[2] *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").