UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DUSTIN GRAHAM GILBERT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:22-cv-00337-JAW |
| | ) | |
| TRI-COUNTY MENTAL HEALTH SERVICES, | ) ) | |
| | ) | |
| Defendant | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION AND DISMISSING AMENDED COMPLAINT**

On October 31, 2022, Plaintiff Dustin Graham Gilbert, proceeding pro se, filed a complaint against Tri-County Mental Health Services (TCMHS), alleging that TCMHS improperly redacted information from his medical records, in violation of the federal Freedom of Information Act. *Compl.* (ECF No. 1). Mr. Gilbert amended his complaint on December 6, 2022. *Am. Compl.* (ECF No. 9). Under Federal Rule of Civil Procedure 15(a)(1)(B), Mr. Gilbert is allowed to amend his Complaint as a matter of course and therefore the Court has accepted his new allegations.

On December 19, 2022, the United States Magistrate Judge filed with the Court his Recommended Decision (ECF No. 11), recommending that the Court dismiss the Amended Complaint. Mr. Gilbert filed an objection on December 27, 2022. *Obj. to Recommended Decision by Magistrate [Nivison] in: Dustin Graham Gilbert* (ECF No. 12) (*Pls. Obj.*). In his objection Mr. Gilbert focused on the failure of the Magistrate Judge to address his newly framed H.I.P.P.A. allegation. *Id.* at 1

("Mag. Nivison mentions nothing of H.I.P.P.A. in his reasoning for a recommendation to dismiss").

In reviewing the Magistrate Judge's recommended decision, the Court agrees with Mr. Gilbert that it is not clear that the Magistrate Judge addressed his H.I.P.P.A. allegation. In re-reviewing the Amended Complaint, the Court views the Magistrate Judge's omission as understandable because the exact nature of Mr. Gilbert's amendment is less than obvious:

> Concluding, while a violation of F.O.I.A. may be liberally found, I identified a violation of Federal law without exactly holding the logical understanding's key language that H.I.P.P.A. summary of (45 CFR 164.524(a)(3)) exhibits.

*Am. Compl.* at 2. Mr. Gilbert's new theory does not become explicit until his typewritten objection. *Compare Am. Compl.* at 1-2; *with Pl.'s Obj.* at 1. Be that as it may, the Court analyzed Mr. Gilbert's Amended Complaint to determine whether his old F.O.I.A. allegation, his new H.I.P.P.A. allegation, or both survive dismissal. They do not. The F.O.I.A. allegation does not survive dismissal precisely for the reasons in the Magistrate Judge's recommended decision.

Mr. Gilbert's other argument is that TCMHS's redactions violated the federal Health Insurance Portability and Accountability Act (H.I.P.A.A.), specifically 45 CFR § 164.524(a)(3), thereby creating federal question jurisdiction. *Pls. Obj.* at 1. However, First Circuit law is clear that "HIPAA does not create a private right of action." *Miller v. Nichols*, 586 F.3d 53, 59-60 (1st Cir. 2009); *see also Trivedi v. Gen. Elec. Co.*, No. 19-11862-PBS, 2020 U.S. Dist. LEXIS 255394, at *13 (D. Mass. Aug. 11, 2020) (plaintiff's H.I.P.A.A. claims "should be dismissed because there is no

2

private right of action for violation of HIPPA or its implementing regulations"); *Amran v. Cowin*, No. CV 19-10454-DJC, 2019 U.S. Dist. LEXIS 129245, at *4 (D. Mass. Aug. 2, 2019) ("There is no private right of action under [H.I.P.A.A.]").

First Circuit precedent is consistent with the rulings of other courts that have considered the issue. For example, on August 8, 2022, a United States District Court in New Jersey expressly rejected the same contention concerning the same regulation Mr. Gilbert is pressing here:

> Plaintiff seeks to circumvent well-established law that HIPAA does not provide for an express or implied private right of action to remedy HIPAA violations by asking this Court to hold for the first time that a violation of an "individual['s] (or their designated representative['s]) right to access their protected health information pursuant to 45 C.F.R. § 164.524" creates a private right of action. (D.E. 11 at 7-10.) This Court declines and joins the numerous courts which have held that there is no federal private right of action under HIPAA, express or implied.

*Modern Orthopaedics v. Horizon Healthcare Servs.*, Civil Action No. 21-20174 (SDW) (JBC), 2022 U.S. Dist. LEXIS 142108, at *11 (D.N.J. Aug. 8, 2022) (citing cases). Thus Mr. Gilbert's H.I.P.A.A. claim does not affect the Court's lack of jurisdiction and his Amended Complaint must be dismissed.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and of the issues presented in the Plaintiff's objection; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and as further set forth herein, and dismisses the Amended Complaint.

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (ECF No. 11) be and hereby is <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that Dustin Graham Gilbert's Amended Complaint (ECF No. 9) be and hereby is <u>DISMISSED</u>.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2022